IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY D. HILL,** | : | No. 4:11-MC-243 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JAMES CARPENTER, et al.,** | : | |
| **Defendants.** | : | |

## <u>CORRECTED[1] REPORT AND RECOMMENDATION</u>

**I.**   <u>**Statement of Facts and of the Case**</u>

This matter comes before the Court for screening review of this *pro se* civil action and a recommendation regarding whether a certification should issue authorizing the plaintiff, Jeffrey D. Hill, to file and litigate this lawsuit. With respect to litigation filed by Jeffrey D. Hill, we most assuredly do not write upon a blank slate. Quite the contrary, as early as 1996, this Court had observed that Hill had filed more than 40 frivolous lawsuits in federal court, and had imposed screening restrictions upon Hill. See <u>Hill v. Gates</u>, 940 F.Supp. 108 (M.D. Pa. 1996). Despite

---

[1]We have corrected this report and recommendation to address a typographical error and correct an errata noted by Mr. Hill. (Doc. 4.)

these restrictions, Hill has remained a prodigious, if prodigiously unsuccessful, litigant.

One recurring theme in Hill's litigation has been what he perceives as inequities in the real estate tax assessments employed in Lycoming County, Pennsylvania, in 2004. Since 2004, Hill's complaints regarding this real estate assessment process have been the subject of at least three separate lawsuits which Hill has litigated to the United States Court of Appeals for the Third Circuit. In each instance, the court of appeals has upheld the dismissal of Hill's various complaints attaching these real estate assessments, finding that Hill's claims were frivolous. See e.g., Hill v. Carpenter, 323 F. App'x 167 (3d Cir. 2008); Hill v. Nassberg, 166 F. App'x 608 (3d Cir. 2006); Hill v. Nassberg, 130 F. App'x 615 (3d Cir. 2005).

In its most recent decision rejecting Hill's legal challenges to these local real estate tax assessments, the court of appeals also provided guidance regarding how best to screen lawsuits by this persistent, prolific and occasionally profane *pro se* plaintiff. Eschewing an outright ban on filings by Hill, the court of appeals stated that:

> In lieu of [a ban on filings], we recommend that the District Court-after providing notice and an opportunity to respond-consider adopting an order requiring Hill to obtain certification from a United States Magistrate Judge before bringing any future action in the Middle District of Pennsylvania. Such an approach has been endorsed by Courts

of Appeals, see, e.g., Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 186-94 (5th Cir.2008) (upholding an injunction preventing an abusive litigant from filing claims in any federal district court, bankruptcy court, or agency without court permission); Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir.1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); In re Packer Ave. Assoc., 884 F.2d at 748 (requiring a litigant to obtain leave of the district court before filing any action relating to a particular bankruptcy case); Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir.1990) ("[D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."), and it would prevent Hill from pursuing frivolous actions without denying him access to the courts.

Hill v. Carpenter, 323 F. App'x 167, 171-172 (3d Cir. 2009).

Adopting the approach suggested by the court of appeals, on February 16, 2011, this Court entered an order which advised Hill in clear and precise terms that he "is required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania." Hill v. Carpenter, No. 4:08-CV-591 (Doc. 18, p.3.)

We are now called upon to apply this rule. On July 25, 2011, Hill tendered a document styled as a complaint to the clerk of the United States District Court for the Middle District of Pennsylvania. This complaint cites to no federal statute conferring jurisdiction on this Court, contains no jurisdictional recitals beyond an assertion that the pleading is a "civil rights. . . racketeering complaint," and simply reasserts Hill's

longstanding, and discredited, complaints regarding the invalidity of the 2004 real estate assessments in Lycoming County.

Having conducted a review of this complaint, it is recommended that the complaint be dismissed as frivolous and that Hill not be certified to file this pleading with the Court.

## II. Discussion

### A. Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

6

of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

### B. Hill's Current Complaint Fails to Meet the Pleading Standards Prescribed by Law

#### 1. The Doctrine of Res Judicata Bars Consideration of This Complaint

Judged against these standards, Hill's current *pro se* complaint clearly fails to state a claim upon which relief can be granted. At the outset, the doctrine of *res judicata* bars consideration of this complaint. *Res judicata*, or claim preclusion, is a legal doctrine that bars re-litigation of claims or issues that have been definitively resolved between the parties in prior litigation.

> For *res judicata* to apply, "[it] must [be] demonstrate[d] that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991). It is well settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir.2007) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)) (discussing the effect of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).

Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir. 2008).

In this case the principle of *res judicata* applies and bars any further consideration of Hill's oft-litigated complaints concerning the 2004 Lycoming County real estate assessment process. This issue has been the subject of three prior

lawsuits by Hill, all of which have concluded with adverse rulings on the merits of Hill's claims, finding that Hill's complaints were frivolous. See e.g., Hill v. Carpenter, 323 F. App'x 167 (3d Cir. 2008); Hill v. Nassberg, 166 F. App'x 608 (3d Cir. 2006); Hill v. Nassberg, 130 F. App'x 615 (3d Cir. 2005). Since each of these three previous decisions constituted a "final judgment on the merits in a prior suit involving . . . the same parties or their privies . . . a subsequent suit based on the same cause of action" like the complaint currently tendered by Hill is plainly forbidden by principles of *res judicata*. Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir. 2008). Therefore, the doctrine of *res judicata* compels dismissal of this complaint.

### 2. Hill's Claims Are Barred by the Statute of Limitations

In addition, to the extent that Hill endeavors to bring these claims as a civil rights action, it is clear that the statute of limitations applies here and bars this action. When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the

9

> federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that civil rights claims like those advanced by Hill are "subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (citing 42 Pa. Cons.Stat. Ann. § 5524); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir.1988)." Gordon v. Pugh, 235 F. App'x. 51, 53 (3d Cir. 2007); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Moreover, a cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). Because Hill has acknowledged in prior

10

lawsuits knowing of this alleged inequity in the Lycoming County real estate tax assessments as early as 2004, Hill v. Nassberg, 130 F. App'x 615 (3d Cir. 2005), the continuing wrong theory and discovery doctrines, which extend the limitations period in some cases, do not apply here. See Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 366-68 (3d Cir. 2000). Rather, the two-year statute of limitations began to run on these claims in 2004. Therefore, in this case a straightforward application of the two-year statute compels dismissal of this action– which is filed in 2011 but challenges real estate assessment conducted seven years earlier in 2004– as untimely.

### 3.     Hill Has Failed to Plead a Civil RICO Claim

Finally, to the extent that Hill attempts to state a civil RICO racketeering claim in this pleading, this complaint is flawed in yet another basic way. The complaint appears to assert civil RICO claims, leveling serious allegations of racketeering activity against the defendants but makes these grave assertions–which amount to accusations of criminal misdeeds–in a wholly inadequate fashion.

With respect to civil RICO claims involving allegations of fraud, the level of pleading specificity required in a complaint is clear. As the United States Court of Appeals for the Third Circuit has observed:

> In order to plead a [civil] violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering. See 18 U.S.C. § 1961(5). These predicate acts of racketeering may include, *inter alia,* federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343. *See* 18 U.S.C. § 1961(1). The federal mail and wire fraud statutes prohibit the use of the mail or interstate wires for purposes of carrying out any scheme or artifice to defraud. See 18 U.S.C. §§ 1341, 1343. " 'A scheme or artifice to defraud need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentation or omission reasonably calculated to deceive persons of ordinary prudence and comprehension.' " Where, . . ., plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity. In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.". Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation*.

Lum v. Bank of America, 361 F.3d 217, 223-4 (3d Cir. 2004)(citations omitted, emphasis added).

Thus, "[p]ursuant to Rule 9(b), a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper

story.'" Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)). 'Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."' In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 216 (3d Cir.2002) (quoting In re Nice Sys., Ltd. Secs. Litig., 135 F.Supp.2d 551, 577 (D.N.J.2001), emphasis supplied)." Animal Science Products, Inc. v. China Nat. Metals & Minerals Import & Export Corp., 596 F.Supp.2d 842, 878 (D.N.J. 2008).

In this case, the Hill's complaint simply does not meet the pleading standards required under Rule 9 for civil RICO claims. In fact, at present, without the inclusion of some further well-pleaded factual allegations, the complaint is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979.

We recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, where Hill's claims

13

are meritless, time-barred, and subject to dismissal on the grounds of *res judicata*, we conclude that granting further leave to amend would be futile and result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed with prejudice as frivolous and that Hill not be certified to file this pleading with the Court.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the complaint be dismissed with prejudice as frivolous and that Hill not be certified to file this pleading with the Court.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of August, 2011.

                                      ***S/Martin C. Carlson***
                                      Martin C. Carlson
                                      United States Magistrate Judge