**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY D. HILL,** | : | |
| **Plaintiff** | : | **Misc. No. 4:11-mc-00243** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JAMES CARPENTER, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants** | : | |

**MEMORANDUM ORDER**

Plaintiff Jeffrey D. Hill, a prodigiously unsuccessful litigant, instituted this action by filing a complaint on July 25, 2011 regarding the invalidity of real estate tax assessments employed in Lycoming, Pennsylvania, in 2004.  (Doc. No. 1.)  Hill filed three prior complaints regarding the real estate assessments, each of which were dismissed as frivolous.  See Hill v. Carpenter, 323 F. App'x 167, 172 (3d Cir. 2009) (affirming dismissal of Hill's complaint); Hill v. Nassberg, 166 F. App'x 608, 610 (3d Cir. 2006) (concluding that Hill's appeal lacks legal merit); Hill v. Nassberg, 130 F. App'x 615, 616 (3d Cir. 2005) (dismissing Hill's appeal as legally frivolous).  In Carpenter, the Third Circuit recommended that this "Court – after providing notice and an opportunity to respond – consider adopting an order requiring Hill to obtain certification from a United States Magistrate Judge before bringing any future action in the Middle District of Pennsylvania."  323 F. App'x at 171-72.  Accordingly, on February 16, 2011, the Court entered an order advising Hill that he "is required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania."  Hill v. Carpenter, No. 4:08-cv-00591, 2011 WL 676810, at *2 (M.D. Pa. Feb. 16, 2011).

On July 28, 2011, Magistrate Judge Carlson issued a Report and Recommendation,

finding that the instant complaint fails to state a claim upon which relief can be granted and

recommending that the complaint be dismissed as frivolous and that Hill not be certified to file

this pleading with the Court.  (Doc. No. 3.)  Specifically, Magistrate Judge Carlson concluded

that: (1) Hill failed to sufficiently plead a civil RICO racketeering claim; (2) the statute of

limitations bars Hill's claims; and (3) the doctrine of res judicata bars Hill's claims, as his

allegations concerning the Lycoming County real estate tax assessment process "has been the

subject of three prior lawsuits by Hill, all of which concluded with adverse rulings on the merits

of Hill's claims, finding that Hill's complaints were frivolous."  (Doc. No. 3 at 8-14.)  Hill filed

a notice of appeal on August 1, 2011, stating:

> I, Jeffrey D. Hill (NOT James D. Hill as the kangaroo kourt [sic]
> magistrate 'judge,' Martin Carlson referred to me twice on the
> front page of his half-assed Republican 7-28-11 opinion), the appellant in
> the above-captioned miscarriage of justice, do hereby give notice of
> my intent to appeal his 7-28-11 (received Sat. 7-30-11) opinion . . .
> because magistrate Martin Carlson couldn't even get my name right
> for GOD's sake, let alone anything else.

(Doc. No. 4 at 1.)  Two days later, Magistrate Judge Carlson issued a corrected Report and

Recommendation, correcting only "a typographical error and . . . an errata noted by Mr. Hill."

(Doc. No. 6 at 1 n.1.)  The Third Circuit dismissed Hill's appeal on October 12, 2011 for lack of

appellate jurisdiction, as only final orders of the district courts may be reviewed.

Despite filing a notice of appeal, Hill did not file objections to the Report and

Recommendation.  Upon a de novo review of the record and the applicable law, the Court

detects no error in any of Magistrate Judge Carlson's findings.

**ACCORDINGLY**, on this 30th day of August 2012, **IT IS HEREBY ORDERED**

**THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 6) is **ADOPTED**,

Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**, and the Clerk of Court

is directed to close the case.


S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania